IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01195-BNB

SIRRLOVE WILLIAMS,

    Plaintiff,

v.

CAPT. SOURS,
SGT. ROMERA,
D/S SHEAFER,
D/S PUGLIESE,
D/S DUNN, and
CAPT. MOORE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 9 2009

GREGORY C. LANGHAM
CLERK

## ORDER DISMISSING CASE

Plaintiff, Sirrlove Williams, currently is incarcerated at the Denver County Jail. Mr. Williams filed *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, a motion titled "Motion for Indegeant [sic] Status," and a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3).

In an order filed on May 26, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Williams to certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Williams was directed to submit an amended Prisoner Complaint that included both page eight, the signature page that includes a space for the relief requested, and his original signature on the signature page. On June 25, 2009, without curing the designated deficiencies, Mr. Williams filed *pro se* a motion titled "Motion to End Action."

The Court must construe the "Motion to End Action" liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

***Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a ***pro se*** litigant's advocate. **See *Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will construe liberally the motion to close as a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Rule 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by Defendants in this action. A voluntary dismissal pursuant to Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. **See** J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); ***Hyde Constr. Co. v. Koehring Co.***, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. **See *Hyde Constr. Co.***, 388 F.2d at 507.

Therefore, the motion titled "Motion to Disregard Plaintiff Motion to Vacate Claim," in which Mr. Williams apparently changes his mind about his prior request to dismiss voluntarily the instant action, will be denied as moot. In any case, Mr. Williams failed to cure the designated deficiencies as directed within the time allowed. Accordingly, it is

ORDERED that the motion titled "Motion to End Action" that Plaintiff, Sirrlove Williams, submitted to and filed with the Court on June 25, 2009, is construed liberally as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1). It is

FURTHER ORDERED that the voluntary dismissal is effective as of June 25, 2009, the date the liberally construed notice of dismissal was filed in this action. It is

FURTHER ORDERED that the action is dismissed without prejudice. It is

FURTHER ORDERED that Mr. Williams' requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are denied as moot. It is

FURTHER ORDERED that the motion titled "Motion to Disregard Plaintiff Motion to Vacate Claim," filed on June 29, 2009, is denied as moot.

DATED at Denver, Colorado, this 8 day of July, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01195-BNB

Sirrlove Williams
Prisoner No. 1613915
Denver County Jail
PO Box 1108
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/9/09

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk